IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY RAY SADLER,

    Plaintiff,
v.                                                                          CASE NO. 4:14-cv-199-RH-GRJ

V ALBERTS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has failed to provide the Court with his current address and has failed to take any action in this case since July 2014. Because Plaintiff is not participating in this case has failed to follow the orders of this Court directing him to maintain a current address this case is due to be dismissed for failure to prosecute and for failing to obey an order of the Court.

**Background**

On April 21, 2014, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) The Court granted Plaintiff's motion to proceed as a pauper, and sent Plaintiff a blank § 1983 form for state prisoners with instructions to amend his civil action by June 26, 2014. (Doc. 6.) After Plaintiff filed his First Amended Complaint, the undersigned recommended that the Court dismiss this case pursuant to 28 U.S.C. § 1915A for failure to state a claim. (Doc. 11.) The Court adopted the Report and Recommendation in part but remanded the action to the undersigned to address the claims against Dr. Alberts. (Doc. 15.) On October 28, 2014, the Court directed service

of the First Amended Complaint on Dr. Alberts. In that Order the Court noted that the Plaintiff recently had been released from Escambia County Jail. (Doc. 16.) Because the Plaintiff had been released from the Escambia County Jail the Court directed the clerk to send the Court's Order to Plaintiff at the Escambia County Jail (Plaintiff's address of record) and to the residential address, reflected on the Department of Corrections Inmate Locator, as the address Plaintiff would use after his release from custody.

The service order sent to Plaintiff's stated residence upon release was returned as undeliverable. (Doc. 18.) On January 23, 2015, the Court ordered Plaintiff to show cause within thirty days why the case should not be dismissed for failing to update his address with the Court. (Doc. 25-1.) The Court's Order sent to Plaintiff's address of record was returned as undeliverable with the notation "unable to forward." (Docs. 29, 30.) The Court's case management and scheduling order, entered on February 4, 2015, was also sent to Plaintiff's address of record and returned as undeliverable. (Doc. 31.)

## Discussion

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry.*

*Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Upon Plaintiff's release in October from Escambia County Jail, the Court has been unable to reach him either through his address of record or through the address listed in the Department of Corrections as Plaintiff's residence upon release. Plaintiff has done nothing to update his address or notify the Court in any manner of his intent to proceed with this case. As a result, the last three orders sent to Plaintiff have been returned as undeliverable. And Plaintiff has failed to show cause as directed by the Court for failing to update his address with the Court. Plaintiff has not taken any action in this case since July of 2014, more than seven months ago, thus evidencing that he does not intend to proceed with the case and has abandoned his one remaining claim against Dr. Alberts. Consequently, the case is due to be dismissed for failure to prosecute and for failure to comply with an order of the Court.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of the Court. All pending motions should be terminated and the case should be closed.

**IN CHAMBERS** this 2nd day of March 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.